AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle District |
|---|---|

| Name (under which you were convicted): Kenneth Alfred Bicking III | Docket or Case No.: 3:23-CV-71-MMH-JBT |
|---|---|

| Place of Confinement: Wakulla Correctional Institution  110 Melaleuca Dr. Crawfordville, FL 32327 | Prisoner No.: 398719 |
|---|---|

| Petitioner (include the name under which you were convicted) Kenneth Alfred Bicking III | Respondent (authorized person having custody of petitioner) v. Ricky Dixon, Secretary Florida Dep't of Corrections |
|---|---|

| The Attorney General of the State of: Florida |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    4th Judicial Circuit Court in and for Duval County, Florida

    _____

    (b) Criminal docket or case number (if you know):  2011-CF-13092

2.  (a) Date of the judgment of conviction (if you know):  September 4, 2014

    (b) Date of sentencing:  October 9, 2014

3.  Length of sentence:  Count 1 - Life ;  Count 2 - Life  (sentences imposed consecutively)

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Count 1 - Sexual Battery with a deadly weapon,

    Count 2 - Armed Kidnapping

    _____

    _____

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: First District Court of Appeal

(b) Docket or case number (if you know): 1D14-4758

(c) Result: Affirmed the Sentences, but remanded for a corrected judgment

(d) Date of result (if you know): October 6, 2016

(e) Citation to the case (if you know): Bocking v. State, 200. So. 3d    (Fla. 1st DCA 2016)

(f) Grounds raised: I. Trial Court fundamentally erred and denied due process by express consideration of impermissible factors during sentencing;

II. Trial court erred in departing from the sentencing guidelines based on prior convictions insufficiently proved, an offense outside the statute of limitations, and factors inherent to the offense;

III. Trial court erred in failing to correct the judgment and sentence because it incorrectly references statutory provisions effective after the charged offense dates.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): —

(3) Result: —

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____ N/A _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _4th Judicial Circuit Court in and for Duval County_

(2) Docket or case number (if you know): _2011-CF-13092_

(3) Date of filing (if you know): _April 30, 2015_

(4) Nature of the proceeding: _Motion to Correct Sentencing Error rule 3.800(b)_

(5) Grounds raised: _(clerk error)_

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: _Denied_

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____ unk. _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: 4ᵗʰ Judicial Circuit Court in and for Duval County

(2) Docket or case number (if you know): 2011-CF-13092

(3) Date of filing (if you know): November 8, 2017

(4) Nature of the proceeding: Motion for Postconviction Relief

(5) Grounds raised: (1) Ineffective Assistance of Counsel ("IAOC") for failing to investigate and exclude DNA evidence for mishandling and contamination; (2) IAOC for failing to review investigation file for exculpatory evidence; (3) IAOC for failing to exclude or impeach testimony of Katherine Keiser Neely; (4) IAOC for failing to investigate and call credible defense witnesses; (5) IAOC for failing to move to disqualify presiding judge; (6) IAOC for a boilerplate Judgment of Acquittal; (7) IAOC for failing to argue for inclusion of lesser-included offenses in jury instructions; (8) IAOC for not objecting to introduction of modified picture of him; (9) IAOC for failing to object to improper comments; continued on pg. 5A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Dismissed with leave to amend to correct pleading deficiencies

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: 4ᵗʰ Judicial Circuit Court in and for Duval county

(2) Docket or case number (if you know): 2011-CF-13092

(3) Date of filing (if you know): June 16, 2021

(4) Nature of the proceeding: Amended Motion for Postconviction Relief

(5) Grounds raised: Same as above - amended to correct previously noted pleading deficiencies.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Summarily Denied_

(8) Date of result (if you know): _August 25, 2021_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:  ☐ Yes    ☑ No

(3) Third petition:   ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_Second motion was dismissed to allow for amendment to correct pleading deficiencies._

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    _See Page 6 A' attached._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See page 6A attached_

(b) If you did not exhaust your state remedies on Ground One, explain why: _Exhausted_

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _Raised on Direct Appeal_

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _N/A_

Name and location of the court where the motion or petition was filed:

_—_

Docket or case number (if you know):    _—_

Date of the court's decision:    _—_

Result (attach a copy of the court's opinion or order, if available):

_—_

(3) Did you receive a hearing on your motion or petition?    _N/A_    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    _—_    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    _—_

_—_

Docket or case number (if you know):    _—_

Date of the court's decision:    _—_

Result (attach a copy of the court's opinion or order, if available):    _—_

_—_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_—_

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _Exhausted_

**GROUND TWO:** _See Page 8A (attached)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See Page 8A (attached)_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _Exhausted_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective assistance of counsel_
_claims not cognizable on direct appeal_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion for PostConviction Relief Rule 3.850_

Name and location of the court where the motion or petition was filed: _4th Judicial Circuit Court_
_in and for Duval county, Florida_

Docket or case number (if you know): _2011-CF-13092_

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): *Denied as not cognizable*

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *First District Court of Appeal*

_____

Docket or case number (if you know): *1D21-2981*

Date of the court's decision: *September 22, 2022 (opinion)*

Result (attach a copy of the court's opinion or order, if available): *Per Curiam Affirmed*

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : *None Available*

_____

_____

**GROUND THREE:**  *See Page 9 A*

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*See Page 9A*

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _Exhausted_____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _N/A_____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    _N/A_    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:    _(attached)_

**GROUND FOUR:**    _N/A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _N/A_

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No    _N/A_

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _N/A_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    _N/A_    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes       ☐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No _____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐   Yes   ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.   N/A _____

_____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐   Yes       ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Tiffany H. Poore, Asst. Public Defender

(b) At arraignment and plea:    Same as Above

(c) At trial:    Donld Mairs, P.A., 1035 La Salle St., Jacksonville, Fl 32207

(d) At sentencing:    Same as Above

(e) On appeal:    Courtenay H. Miller, Asst. Public Defender, Lean county courthause, 301 S. Monroe St., Suite 401, Tallahassee, FL. 32301

(f) In any post-conviction proceeding:    Pro-se.

(g) On appeal from any ruling against you in a post-conviction proceeding:    Pro-se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Has been less than one year.

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Vacate or set aside the sentences imposed and remand for a new sentence proceeding absent the errors.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    Jan 17th, 2023    (month, date, year).

Executed (signed) on    1 | 17 | 23    (date).

Kenneth Q. Bicking
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

(5) Grounds raised (continued from pg. 5):

    10. IAOC during sentencing phase by failing to comprehend applicable law affecting defendant's sentence;

    11. Cumulative effect of counsel's errors

Ground One:

Petitioner was deprived both due process and equal protection of the law as guaranteed by the 14th Amendment when the state court imposed an upward departure sentence of life imprisonment based upon a jury finding that he committed an offense he was not charged with. Consideration of this factor in sentencing is tantamount to being convicted for and sentenced on an uncharged crime. Furthermore, this uncharged offense was specifically barred by the statute of limitations. Absent this factor, Mr. Bicking was entitled to a guideline sentence under the law then in effect when the offenses were committed, and not life imprisonment. Thus, a miscarriage of justice has occurred.

Supporting Facts:
1. The underlying offenses occurred in 1992
2. Due to the statute of limitations, Petitioner Bicking could only be charged with two crimes via an amended criminal information: Sexual Battery with a deadly weapon (count 1) and Armed Kidnapping (count 2).
3. Petitioner's jury trial was bifurcated: phase one dealt with deciding the guilt or innocence of the charges, and phase two was determination of the aggravating factors.
4. As to phase one, the jury found Mr. Bicking guilty as charged on both offenses.
5. During the second phase, the jury found that the sexual battery occurred during the commission of a burglary.
6. Prior to trial, and in response to Mr. Bicking's motion to dismiss, the State had to amend it's criminal information to drop the charge of burglary with an assault or battery as it was time barred under section 775.15 Florida Statutes.

6A

7. Without the consideration of this factor, Petitioner faced a guideline sentence of 17-40 years. Inclusion of this factor allowed the court to impose a life sentence for sexual battery.

Ground Two:

Petitioner was denied the effective assistance of counsel as guaranteed by the 6th Amendment when his counsel failed to argue for the inclusion of mandatory lesser-included offenses to both sexual battery with a deadly weapon and armed kidnapping as part of the jury instructions.

Supporting Facts:

1. On September 3, 2014, the State informed both the trial court and defense that no lesser-included offenses were made a part of the jury instructions.

2. The State's reasoning for not including any lesser-included offenses was due to the expiration of the statute of limitations of any offense but those charged.

3. Counselor Mairs failed to consult with Mr. Bicking as to whether he would waive statute of limitation defense for lesser offenses.

4. The category 1 lesser-included charges for sexual battery with a deadly weapon is sexual battery and battery.

5. The category 1 lesser-included charges for armed kidnapping is kidnapping and false imprisonment.

6. Both offenses had been reclassified to "Life" felonies by the use of a weapon.

7. It is reasonable to presume that, based upon the State's physical evidence, the jury would be convinced that the crimes of sexual battery and kidnapping were perpetrated beyond a reasonable doubt. However, without a weapon, there may be some doubt as to the deadly weapon element by some jurors. Without any lesser-included offenses (ie. no weapon element), the jury may have felt compelled

6A

to return guilty verdicts, rather than acquit on a technicality. The jury may have seen such an acquittal as allowing the individual they believe beyond a reasonable doubt to have committed the acts alleged – with or without a weapon– to escape justice.

8. The State's only direct evidence that Mr. Bicking allegedly used a weapon during the commission of the crimes was predicated upon the victim's subjective fear that the item in her assailant's hands was, in fact, a firearm.

9. Her testimony, however, failed to demonstrate that the item was used in a manner that could cause death or great bodily harm to be considered a deadly weapon as charged.

10. In order to link the weapon alleged to a firearm, the State relied upon circumstantial evidence to make the connection. Specifically, the prosecution used Mr. Bicking's lawful ownership of a firearm as proof that the weapon used was a firearm.

11. Had the jury been permitted to consider lesser offenses, particularly those without the weapon element, there is a reasonable probability that the jury would have chosen that lesser finding on at least one charge. Such a verdict would have limited the sentence the court could have imposed (i.e. not a life sentence).

Ground Three:

Petitioner was deprived due process of law as guaranteed under the 14th Amendment when the state court used the weapon to impose an upward departure sentence beyond the guideline range after it was used to reclassify the offenses to life felonies. Specifically, because the guideline score for the reclassified offenses already incorporated the use of a weapon to calculate the permitted range, then the court's reliance upon the same weapon to impose a sentence outside the guideline range is tantamount to a violation of double jeopardy principles.

Supporting Facts:

1. The State charged Petitioner with two felonies in which the use of a weapon was an essential element.

2. The jury returned verdicts of guilty as charged.

3. Since the offenses occurred in 1992, Mr. Bicking was entitled to be sentenced under the 1992 guidelines.

4. Under those guidelines, the two offenses carried a recommended range of 9 to 12 years in prison, and a permitted range of 7 to 17 years.

5. The court relied upon other factors (not relevant to this claim) that the permitted range to be 17 to 40 years in prison.

6. The court then relied upon the jury's finding of aggravating factor - including the use of a firearm - to impose a life sentence for each of the charges, a punishment outside the guideline range.

9A

LEGAL MAIL
Provided to
Wakulla CI

JAN 17 2023

## Certificate of Service

FOR MAILING

I hereby certify that a true and correct copy of the foregoing petition has been placed in the hands of prison officials for mailing via U.S. Mail this 17th day of Jan 2023, to the following:

- Office of the Attorney General, The Capitol PL-01, Tallahassee, FL. 32399;

- Clerk's Office, U.S. District Court for Middle District of Florida 300 N.W. Hogan St., Jacksonville, FL. 32202

Kenneth A. Bicking III

Kenneth Alfred Bicking III
DC# 398719
Wakulla Correctional Institution
110 Melaleuca Dr.
Crawfordville, FL. 32327