UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH ALFRED BICKING, III,

    Petitioner,

v.    Case No. 3:23-cv-71-MMH-SJH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

## ORDER

### I. Status

Petitioner Kenneth Alfred Bicking, III, an inmate of the Florida penal system, initiated this action on January 17, 2023,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Bicking challenges a 2014 state court (Duval County, Florida) judgment of conviction for armed sexual battery and kidnapping with a weapon. He raises three grounds for relief. See Petition at 17–21. Respondent has submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Corpus (Response; Doc. 10). Respondent also submitted exhibits. See Docs. 10-1 through 10-12. Bicking filed a brief in reply. See Reply to Respondent's Motion to Dismiss (Reply; Doc. 15). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual

2

> predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondent contends that Bicking has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 4–6. The following procedural history is relevant to the one-year limitations issue. On April 26, 2012, the State of Florida charged Bicking by amended information with armed sexual battery (count one) and kidnapping with a weapon (count two). Doc. 10-1 at 2. Bicking proceeded to a trial, and on September 4, 2014, a jury found him guilty of both counts as charged. Doc. 10-2 at 357. On October 9, 2014, the circuit court sentenced Bicking to two consecutive life sentences. Doc. 10-3 at 19. Bicking pursued a direct appeal, and on October 7, 2016, the First District Court of Appeal (First DCA) per curiam affirmed Bicking's convictions and sentences but remanded for the circuit court to correct scrivener's errors in the judgment. Doc. 10-6 at 4–7. The First DCA issued the

mandate on October 24, 2016. Id. at 3. On remand, the circuit court entered a corrected judgment nunc pro tunc. Doc. 10-7 at 2–9.

As Bicking's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Bicking's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Bicking to file a petition for writ of certiorari expired on Thursday, January 5, 2017 (ninety days after October 7, 2016).[3] See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Bicking had until January 5, 2018, to file a federal habeas petition. He did not file his Petition until January 17, 2023. Therefore, the Petition is due to be dismissed as

---

[3] The amended judgment was entered nunc pro tunc to the date of the original judgment. Therefore, the amended judgment did not reset the limitations period. See Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1267 (11th Cir. 2020) ("[B]ecause the correction to the sentence was imposed nunc pro tunc, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244."); see also Cassidy v. Sec'y, Fla. Dep't of Corr., 119 F.4th 1336, 1341 (11th Cir. 2024) (holding that petitioner's "amended sentences did not restart the federal statute of limitations" because the "state court checked the nunc pro tunc box on [the] amended sentences").

untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on January 6, 2017, and ran for 306 days until November 8, 2017, when Bicking filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 10-8 at 2–38. Bicking filed an amended Rule 3.850 motion, Doc. 10-9 at 5–48, and the circuit court denied relief on August 25, 2021, id. at 49–62. The First DCA per curiam affirmed the circuit court's denial on September 22, 2022. Doc. 10-12 at 2–26. It issued the mandate on October 20, 2022. Id. at 27. The one-year limitations period began to run again the next day, October 21, 2022, and ran for 59 days until it expired on Monday, December 19, 2022.[4] Bicking filed his Petition on January 17, 2023. Given the record, Bicking's Petition is untimely filed and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v.

---

[4] The one-year limitations period ended on Sunday, December 18, 2022; therefore, the period continued to run until Monday, December 19, 2022. See Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Thomas v. Att'y Gen., 992 F.3d 1162, 1179 (11th Cir. 2021). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Thomas, 992 F.3d at 1179 (quotations and citation omitted). The burden is on Bicking to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). In this case, Bicking has not met his burden of showing that equitable tolling is warranted. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Bicking seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Bicking "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon

7

consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now **ORDERED:**

1. Respondent's request to dismiss (Doc. 10) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk shall enter judgment dismissing this case with prejudice.

3. If Bicking appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/30
c:    Kenneth Alfred Bicking, III, #398719
      Counsel of record